UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JESSE LEE PAYNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL NO. 3:12cv576 |
| v. | ) |
| | ) |
| MATT COLFORD; FAITH WILLIAMS; | ) |
| and TOM CONNLEY, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Jesse Lee Payne, a *pro se* plaintiff, filed a complaint and an *in forma pauperis* petition. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless,

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Here, the complaint must be dismissed because it does not state a claim.

Mr. Payne is housed at the State mental hospital in Logansport, Indiana. He brings this case against three of its employees pursuant to 42 U.S.C. § 1983. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Mr. Payne alleges that all three of these employees wore robin's egg blue shirts when they intimidated him. He alleges that Matt Colford "walked by staring at me hitting his left hand with a metal detector that is hand held in a intimidating and threatening manner." [DE 1 at 2]. That he "was

sitting at the desk by himself playing with a rubber band . . . with a smile on his face." *Id.* Mr. Payne alleges that when he asked for his mail during the evening shift, Faith Williams "gritt[ed] her teeth and lock[ed] her jaws in a threatening manner and gesture and stated insolently you will have to wait until tomorrow we don't do that on this shift . . .." *Id.* "[T]hen later she made a facial expression that was only between me and my ex-girlfriend . . .." *Id.* Mr. Payne also alleges that Tom Connley "stood up and placed his hands on the counter, bent over in body language as a person getting arrested, targeting me and psychologically intimidating me with body language . . .." *Id.* at 3.

None of those allegations are a basis for finding that Mr. Payne was in any way deprived of a federal constitutional right. "[S]imple verbal harassment does not constitute cruel and unusual punishment, deprive a [person] of a protected liberty interest or deny [him] equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). "[H]arassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment." *Dobbey v. Ill. Dep't of Correction*, 574 F.3d 443, 446 (7th Cir. 2009). Here, Mr. Payne does not allege that any of these defendants did anything more than speak to him (albeit rudely) and look at him (albeit in ways that he did not like).

For the foregoing reasons, this case is DISMISSED pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).

Entered: October 22, 2012

                                                  s/William C. Lee
                                                  William C. Lee, Judge
                                                  United States District Court